Reed, J.,
delivered the opinion of the court.
The first error relied upon in argument was the failure of the court to dismiss the suit because of the- death of the plaintiff, and the substitution of the foreign executors and the substitution of the defendant in error, administrator, as plaintiff.
The claim is “ That the suit having been commenced in the name of George W. McCrary, upon his death the same abated and could only be revived by his executor or administrator.” This position is untenable; the suit did not abate by the death of the plaintiff. Sec. 15 of the Civil Code is as follows : “ An action shall not abate by the death or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or other disability of a party, the court, on motion, may allow the action to be continued by, or against his representative or successor in interest * *
There is no question that in this class of cases the cause *366 of action survives; it was not a personal action that abated at the death of the plaintiff; upon the death of the plaintiff the suit would remain in abeyance a reasonable time, until a representative could be appointed and qualified; when that occurred the representative could, upon motion, be substituted, and the suit proceed to judgment.
Admitting that the foreign executors could not be substituted and prosecute the suit and that their substitution was irregular, such proceeding could not abate the suit nor in any way prejudice the defendants unless such irregularity was persisted in, and a refusal to substitute the proper party. Such was not this case. The motion to dismiss was properly denied and the re-substitution of the administrator when appointed being regular, and he the proper plaintiff,'no advantage could have been taken of the intervening mistake.
To sustain the defenses pleaded the defendant Williams sued out a dedimus and took the deposition of his codefendant Ulman; it was objected to and the objection sustained, and an exception taken. »
In it Ulman testified that the debt for which the note was made was his, or that of his company, who received the proceeds of the' note, and that the defendant Williams was a surety. That the note was paid by himself by the bonds sold and delivered to the plaintiff, etc., etc. It is urged that the rejection of Ulman’s deposition was error, claiming that Ulman was not a party to the suit, as he was out of the jurisdiction of the court and not served, etc. The objection to the deposition of Ulman was based upon sec. 3641 Genl. Stats., which is as follows: “ That no party to any civil, action, suit or proceeding, or person directly interested in the event thereof, shall be allowed ta testify therein, of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as the trustee or conservator of an idiot, lunatic or distracted person, or as the executor or administrator, heir, legatee or devisee-of any deceased person, * *
A large .part of the argument of plaintiff in error is de *367 voted to an attempt to establish the competency of Ulman as a witness and many authorities are cited, but this being a statutory prohibition but little aid can be gained from text writers or state decisions where the statutes are not identical or at least analogous. This section of our statute was taken from that of the state of Illinois, and the language is identical. The statute has been frequently construed in that state adverse to the contention of counsel. See Lowman v. Aubrey, 73 Ill. 619; Whitman v. Rucker, 71 Ill. 410; Bragg v. Geddes, 93 Ill. 39; Langley v. Dodsworth, 81 Ill. 86; Miller v. Craig, 16 Ill. App. 139; and this state, see Butler v. Rockwell et al., 14 Colo. 138.
That Ulman was not within the jurisdiction of the court served with process, did not relieve him of the status of a defendant, but it will be observed that there is one important feature of the statute apparently overlooked by counsel. The language is “ That no party to any civil action, suit or proceeding, or person directly interested in the event thereof," etc.
If as pleaded by Williams and testified by Ulman, he (Ulman) was the debtor and Williams a surety. If the debt was collected of Williams, Ulman would be liable to him. If as attempted in the deposition of Ulman, the fact was-established that the mining bonds were delivered by Ulman to the plaintiff and by him received in full satisfaction and discharge of the note, this would relieve not only Williams, but himself from all liability or indebtedness;. viewed in any light his legal position is such as to disqualify him under the statute. It follows that the court properly rejected the evidence, and the defendant having no competent evidence to establish his defenses, the judgment was warranted.
Although the statute may, in this instance, and in some otffers, work a hardship and prevent parties’from establishing honest defenses, it is a salutary one and necessary for the protection of estates, widows and minor heirs, who, without some rule of evidence of this kind, would find themselves at the mercy of any unprincipled debtor, and while the rule *368 need not be unnecessarily extended, it should not be so restricted as to fail in its intention.
The judgment of the district court will be affirmed.

Affirmed.